IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GAYLEN JACKSON,

                Petitioner,

  v.

LOUIS WILLIAMS, II,

                Respondent.

OPINION & ORDER

17-cv-319-jdp

---

    Pro se petitioner Gaylen Jackson is a prisoner in the custody of the Federal Bureau of Prisons (BOP) currently housed at the Federal Correctional Institution in Oxford, Wisconsin (FCI-Oxford). He is serving a sentence for a 1998 conviction for being a felon in possession of a firearm. Jackson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016).

    The petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I will dismiss the petition only if it plainly appears that Jackson is not entitled to relief. As discussed below, Jackson is not entitled to the relief that he seeks, so I will dismiss the petition.

ALLEGATIONS OF FACT

    I draw the following facts from Jackson's petition, Dkt. 1, and publicly available case records.

---

[1] Courts may apply this rule to habeas petitions not brought pursuant to § 2254, including § 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases; *see also* § 2243.

Following a 1998 jury trial, Jackson was found guilty of one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) in the United States District Court for the District of Minnesota. The court record is unclear, but Jackson states that he was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924, which imposes a mandatory minimum 15-year sentence of imprisonment on defendants convicted of being a felon in possession of a firearm who have three or more previous convictions for a violent felony. (Without the ACCA sentencing enhancement, the felon-in-possession statute sets only a 10-year maximum sentence with no minimum. *See* § 924(a)(2).) Jackson has several previous felony convictions. He indicates that the sentencing judge found that the ACCA applied to him because of prior Minnesota convictions for robbery and burglary.[2] The court sentenced Jackson to 20 years of imprisonment followed by five years of supervised release. His conviction and sentence were affirmed by the Eighth Circuit Court of Appeals.

In 2000, Jackson moved to vacate or set aside his conviction under 28 U.S.C. § 2255 in the District of Minnesota. The motion was denied. Jackson completed his period of imprisonment and reentered the community on supervised release. In 2016, his supervised release was revoked and he was sentenced to 11 months of imprisonment followed by two years of supervised release. Jackson then filed a petition for a writ of habeas corpus under § 2241 in this court.

---

[2] Minnesota state court records indicate that Jackson was convicted of second-degree felony burglary and attempted first-degree burglary in 1988, and simple robbery and attempted aggravated robbery in 1994, in addition to other crimes. I take Jackson to mean that the sentencing judge found some combination of these four convictions to be the three or more predicate offenses under the ACCA.

ANALYSIS

Although postconviction relief to federal prisoners generally must proceed under § 2255, Jackson brings this challenge under § 2241. To obtain relief under § 2241, a habeas petitioner must satisfy three conditions. First, the prisoner must show that he relies on a judicial decision in "a 'statutory-interpretation case,' rather than a 'constitutional case.'" *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). "Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion." *Id.* Third, the prisoner must demonstrate that there was "a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.* (quoting *Rios*, 696 F.3d at 640). Jackson plainly cannot satisfy the third condition, so I must dismiss his petition.

Jackson, who was sentenced under the ACCA, challenges his sentence under *Mathis*, a recent U.S. Supreme Court decision. *Mathis* interpreted the enumerated offense clause within the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii). The enumerated offense clause defines "violent felony" to include "burglary, arson, or extortion." In *Mathis*, the Court reaffirmed the proper process for determining whether a defendant's prior state-law conviction is one of the enumerated violent felonies under § 924(e)(2)(B)(ii): the "categorical approach." 136 S. Ct. at 2248. Under the categorical approach, the sentencing court should compare the elements of the state law under which the defendant was convicted to the elements of the generic version of the enumerated violent felony. If the state law "define[s] multiple crimes" by listing "elements in the alternative," the sentencing court should use the "modified categorical approach," which permits a court to look at a "limited class of documents [from the record of a prior conviction] to determine what crime, with what elements, a defendant was convicted

3

of" and then "compare that crime . . . with the relevant generic offense." *Id.* at 2249. Upon comparison, if the state law is "the same as, or narrower than, the relevant generic offense," it qualifies as an enumerated violent felony. *Id.* at 2257.

Jackson satisfies the first condition, because *Mathis* is a statutory-interpretation case. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). As for the second condition, *Mathis* "appears to be a substantive rule that applies retroactively." *Pulliam v. Krueger*, No. 16-cv-1379, 2017 WL 104184, at *2 (C.D. Ill. Jan. 10, 2017); *see also Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("noting that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review"). *But see Robinson v. Krueger*, No. 17-cv-1187, 2017 WL 2407253, at *5 (C.D. Ill. June 2, 2017) ("*Mathis* is not retroactive.").

But Jackson cannot obtain relief under § 2241 because he cannot satisfy the third condition. That is, he cannot demonstrate that there was *any* error in his sentencing, let alone a grave enough error to be deemed a miscarriage of justice. I take Jackson to contend that under *Mathis*, the sentencing court erroneously found that three of his prior Minnesota convictions for second-degree burglary, attempted first-degree burglary, simple robbery, and attempted aggravated robbery were violent felonies.

Beginning with the two 1994 robbery convictions, The Seventh Circuit has held, under the categorical approach required by *Mathis*, that a conviction under Minnesota's simple robbery statute, Minn. Stat. § 609.24, is a violent felony under the U.S. Sentencing Guidelines' force clause, which is identical to the ACCA's force clause: both define violent felony to include crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See United States v. Maxwell*, 823 F.3d 1057, 1061 (7th Cir.), *cert. denied*, 137 S. Ct. 401 (2016). Minnesota's aggravated robbery statute, § 609.245, is based

4

on the simple robbery statute, therefore a conviction under the first-degree aggravated robbery statute—including a conviction for *attempted* first-degree aggravated robbery—is necessarily a violent felony under the force clause, too.

The 1988 second-degree burglary conviction is a violent felony under the ACCA's enumerated offense clause. "Generic" burglary is "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). The 1986 version of Minn. Stat. § 609.582, subd. 2, which applied to Jackson's 1988 second-degree burglary conviction, provides

> Whoever enters a building without consent and with intent to commit a crime, commits burglary in the second degree . . . if:
>
> (a) the building is a dwelling;
>
> (b) the portion of the building entered contains a banking business or other business of receiving securities or other valuable papers for deposit or safekeeping and the entry is with force or threat of force;
>
> (c) the portion of the business entered contains a pharmacy or other lawful business or practice in which controlled substances are routinely held or stored, and the entry is forcible; or
>
> (d) when entering or while in the building, the burglar possesses a tool to gain access to money or property.[3]

This statute criminalizes an unprivileged entry into a building with intent to commit a crime, so under the categorical approach approved by *Mathis*, it qualifies as a violent felony under the ACCA's enumerated offense clause. The four subdivisions are irrelevant to the analysis, because they only require proof of additional elements above and beyond generic burglary, thus making the statute narrower than the generic crime. The Eighth Circuit and at least one district court

---

[3] Available at https://www.revisor.leg.state.mn.us/statutes/?id=609&year=1986.

in this circuit agree. *See United States v. Walker*, 840 F.3d 477, 490 (8th Cir. 2016); *Van Cannon v. United States*, No. 16-cv-433, 2016 WL 5922322, at *4 (W.D. Wis. Oct. 11, 2016).[4]

For what it's worth, it's not clear that Jackson's conviction for *attempted* first-degree burglary qualifies as a violent felony. *See Morris v. United States*, 827 F.3d 696 (7th Cir. 2016). But because Jackson had three violent felony convictions when he was sentenced under the ACCA, I need not determine whether the attempted first-degree burglary conviction would qualify as a fourth. It plainly appears that Jackson is not entitled to relief under § 2241, so I will dismiss his petition.

ORDER

IT IS ORDERED that:

1. Petitioner Gaylen Jackson's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED, and this case is DISMISSED.

2. The clerk of court is directed to enter judgment in favor of respondent Louis Williams, II, and close this case.

Entered August 23, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[4] In *Walker*, the Eighth Circuit determined that the current version of Minnesota's second-degree burglary statute must be analyzed under the modified categorical approach because it defines multiple crimes, only one of which lines up with generic burglary. But the statutory language that the Eighth Circuit found problematic ("Whoever . . . enters a building without consent and commits a crime while in the building") was not added until after Jackson's 1988 conviction. It is the version of the statute in effect at the time of Jackson offense, the version under which he was convicted, that matters under the ACCA. *See United States v. Bennett*, 863 F.3d 679 (2017).